Western Union Telegraph Company v. H. Kapp.

Decided April 30, 1904.

**Evidence—Copies of Telegram—Original Not Accounted for.**
   In an action for damages resulting from a change in the wording of a telegram, made in transmitting it, copies of the telegram furnished by the telegraph agents at the initial and terminal points were offered in evidence by plaintiff. The defendant was not notified to produce the original; neither the sender nor the addressee was called upon to testify, nor were the transmitting and receiving agents of the telegraph company, and no effort was made to account for the nonproduction of the original telegram as delivered. Held, that the admission of the copies in evidence, over objection that a proper predicate had not been laid, was error.

Appeal from the County Court of Jack. Tried below before Hon. R. S. Blair.

*Stanley, Spoonts & Thompson,* for appellant.

No briefs for appellee.

CONNER, Chief Justice.—This is an appeal from a judgment in appellee's favor for $64.50, as damages to forty-one head of cattle shipped from Rush Springs, I. T., to Jacksboro, Texas, in October, 1902. As alleged, the ground of appellee's suit, which originated in the justice court, is that in accordance with previous direction one of appellee's employes shipped said cattle, at the same time wiring appellee, care J. W. Knox, Jacksboro, Texas, that he had "shipped one car cattle to day;" that as delivered to Knox the telegram read, "shipped one car cake to day." By reason of which the cattle on arrival were kept in the pens at Jacksboro a day and night without proper attention in the way of feed and water and thereby damaged.

The evidence offered as to the form of the telegrams consisted of copies furnished by the respective agents of appellant at Rush Springs and Jacksboro upon appellee's request therefor. Appellant was not notified to produce the originals. Neither the sender of the telegram nor J. W. Knox, to whom the telegram was delivered, was called upon to testify, nor were the several transmitting and receiving agents, and no effort appears to have been made to account for the nonproduction of the original telegram as delivered. We think it too clear for argument that appellant's objections to the evidence as secondary, and as without a proper predicate for its admission, should have been sustained. The evidence offered was clearly secondary, and to authorize secondary evidence of the contents of the telegram as delivered to the transmitting agent, and as delivered to J. W. Knox, the loss or inability to procure the originals should have been shown.

The particular objection made in the second assignment to the evidence of A. A. Thompson, stating the amount of damages to the cattle per head resulting from standing in the pens at Jacksboro, we think untenable; but in view of another trial we call attention to the cases

of Gulf C. & S. F. Ry. Co. v. Wright, 1 Texas Civ. App., 402; Fort Worth & D. C. Ry. Co. v. Ward, 2 Texas Civ. App., 598.

Because of the error of the court in overruling appellant's objections to the copies of the telegram in question, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*